Dear Mayor Merrit:
Your request for an Attorney General opinion was forwarded to me for research and reply. You are concerned about the validity of Ordinance No. 90 setting restrictions and requirements on the Sibley Police Department, Police Chief and Officers. You have provided us with a copy of Ordinance No. 90, where you question whether the ordinance adopted in 1985 can lawfully set limits for the police department.
Pursuant to LSA-R.S. 33:423, the chief of police shall perform all other duties required of him by ordinance. By statute, the governing authority is allowed to impose additional responsibilities upon the chief of police. However, we do not find that the ordinance can mandate police to perform all lawful requests of the Mayor and Board of Alderman. To do so would possibly interfere with the inherent power and authority of the Chief of Police.
See attached, La. Atty. Gen. Op. No. 02-77 which is directly on point. Our office has repeatedly recognized that the Chief of Police is the chief law enforcement officer who has the inherent power and authority to supervise and direct the administration and day to day operations of the police department. Accordingly, our office is of the opinion that the governing authority cannot infringe upon this inherent power and authority as stipulated in Sections 2 and 3 of Ordinance 90.
We hope this opinion has sufficiently addressed your concerns. If our office may be of further assistance, please do not hesitant to contact us.
Sincerely,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL